**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANNA PEARSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3071** |
| **IHOP, ET AL** | **SECTION: B(4)** |

## ORDER AND REASONS

Before the Court is Defendants, Scottsdale Insurance Company ("Scottsdale"), Kamal Sbih ("Sbih"), Jamal Hamideh ("Hamideh"), and Jamal & Kamal, Inc. (J&K") Motion To Dismiss for Failure to State a Cause of Action.[1] (Rec. Doc. Nos. 33, 35). Defendants, Sbih, Hamideh, and J&K also filed a Motion to Quash Service. (Rec. Doc. No. 35). The Motions are opposed (Rec. Doc. Nos. 49, 50). For the following reasons, the Motion to Dismiss (Rec. Doc. No. 80) is **GRANTED** and the Motion to Quash Service is **DISMISSED** as moot.

## BACKGROUND

Anna Pearson ("Pearson") has sued Scottsdale Insurance Company as the alleged insurer of the International House of Pankcakes, Inc.; IHOP Properties, Inc.; IHOP Franchising, L.L.C.: IHOP Realty Corp.; Jamal & Kamal, Inc.; Jamal Hamidek; Kamal Sbih (collectively "IHOP"); and Ehab Ahab Mohomed ("Mohomed"). Pearson asserts Scottsdale and its insureds are liable to her for

---

[1] Defendant Scottsdale has filed its motion to dismiss for failure to state a cause of action (Rec. Doc. No. 33). As the alleged insureds of Scottsdale, defendants join and adopt Scottsdale's motion to dismiss. (Rec. Doc. No. 35).

damages because Mohamed raped her in January 2007. (Rec. Doc. No. 5, First Amended Complaint at para. 9).

This cause of action arises because Pearson was raped by Mohamed on January 26, 2007. *See State v. Mohamed*, 2009 WL 838599 (La. App. 1 Cir. 2009). At the time Pearson was seventeen years old and working as a server at IHOP 4477 in Covington, Louisiana. *Id.* Mohamed, who was the IHOP restaurant's manager, took Pearson to shop for a car after work. *Id.* When they were done, Mohamed took Pearson to his apartment where he held her against her will and raped her. *Id.*

Pearson claims that her employers knew Mohamed had a history of inappropriate conduct with female employees but negligently failed to take action to protect the employees and prevent her rape. (Rec. Doc. No. 5). Pearson also claims that IHOP is vicariously liable to Mohamed's actions because it employed him to manage its restaurant. *Id.* Pearson also claims that after the rape, the defendants terminated her employment and/or discriminated against her based on her gender. *Id.*

## DISCUSSION

**A.  Standard for FRCP 12(b)(6) Motion to Dismiss**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not

necessary. Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2002). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Legal conclusions are not entitled to an assumption of truth. *Iqbal,* 129 S. Ct. at 1950. Determining the sufficiency of a pleading requires a two prong analysis. See *Iqbal,* 129 S. Ct. at 1951. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Id.* Next, the court considers the factual allegations to "determine if they plausibly suggest an entitlement to relief." *Id*.

### B. Scottsdale's Liability Is Contingent On the Liability of Its Alleged Insureds

Scottsdale's liability is contingent on proof of its alleged insured's negligence. Louisiana courts have consistently recognized that liability insurance polices are written for the benefit and protection of the public. *See Auster Oil & Gas, Inc. V. Stream*, 891 F.2d 570 (5th Cir. 1990); *Conrad v. Mike Anderson Seafood, Inc.,* 1991 WL 22925 (E.D. La. 1991); *Lou-Con, Inc. V. Gulf Building Services, Inc.,* 287 So.2d 192 (La. App. 4 Cir. 1973); *Lucey v. Harris,* 490 So.2d 416 (La. App. 5 Cir. 1986).

Defendants argue that Pearson's complaint in this case fails to state a cause of action for negligence against IHOP because such claims are prescribed or barred by the Louisiana Workers' Compensation law. Defendants further allege that no cause of action exists as a matter of law for Pearson's vicarious liability and discrimination claims.

**C. Pearson's Negligence Claims are Prescribed**

Pearson alleges that her rape was the result of IHOP's negligent supervision of Mohamed and negligent failure to protect her. Defendants argue that Pearson's negligence claim is barred by the Louisiana law of liberative prescription because Pearson was raped on January 26, 2007 but did not file suit until more than two years later, on March 17, 2009. (Rec. Doc. No. 1, 5).

Negligence claims in Louisiana are subject to a one year prescriptive period, which runs from the date of the injury. La. C. C. art. 3492. Prescription runs against all persons, including minors, unless an exceptions is established by legislation. *See* La. C. C. arts. 3467-3468. This means that a plaintiff must file suit within one year of the date of injury. If the plaintiff fails to do so, the suit is barred and must be dismissed with prejudice.

Pearson argues that she falls under one of the exceptions. Pearson claims that under La. R.S. 9:2800.9, her negligence claims are subject to a ten year prescriptive period. La. R. S.

4

9:2800.0 extends the prescriptive period against a person for sexual abuse of a minor. However, while the statute extends the prescriptive period for sexual abuse claims against a rapist, it does not extend prescription against the rapist and the victim's employer. The Court finds that Pearson's only claims against her employer are for negligence, which are subject to a one year prescriptive period. *Mimmitt v. National Railroad Passenger Corp.,* 2000 WL 1449886, *2 (E.D. la. 2000) (third person's duty to prevent sexual assault to a minor governed by one year prescriptive period for negligence); *Woods v. St. Charles Parish School Board,* 750 So.2d 1168, 1171 (La.App. 5 Cir. 2000) *writ denied* 790 So.2d 638 (La. 2001)(inadequate supervision claims against a school subject to a one year prescriptive period).

Pearson argues that the facts of this case are similar to the facts in *SS v. State Ex rel. Dept of Social Services*. 831 So.2d 926 (La. 2002), *on remand,* 846 So.2d 871 (La. 2003). The Court finds that *SS* is factually distinct from the case at bar. In *SS v. State ex rel. Dept. of Social Services* the Louisiana Supreme Court held that a corporation must have been the minor's "caretaker" and committed actions that in and of themselves meet the legal definition of "abuse" in order for the ten year prescriptive period to apply. *Id.* at. 933-34; *see also,* La. R.S. 9:2800.9(A) and La. C.C. art. 603. In *SS* , the Department of Social Services ("DSS") legally removed a minor from the custody

of her parents and placed her in a shelter care facility that housed minors taken into DSS's custody. *Id.* at 932 and 934. While at the facility, the minor was raped by one of its employees. *Id.* at 928. The Louisiana Supreme Court found that because DSS was the minor's legal guarding and caretaker, its failure to properly supervise the minor could meet the legal definition of "abuse." *Id.* at 932-34. The court also held that, DSS was directly responsible for the minor's safety because she had been legally removed from the custody of her parents. *Id.*

*SS*, is factually distinct from this case. Pearson was not legally removed from the care and custody of her parents to the care and custody of her employers, and there has been no claim that Pearson's employers were her caretakers or legal guardians. Accordingly, because of the absence of such a relationship, the Court finds that there is no indication that the employers' actions rose to the level of "abuse."

Even cases following *SS* which have expanded the reach of the caretaker requirement to include non-custodial parents still require a much stronger relationship and an "obligation to provide sustenance or adequate shelter and care in a custodial setting..." *Doe v. Jones,* 857 So.2d 555, 562 (La. App. 1 Cir. 2003). None of these factors are present in this case. While Pearson's employers may have a duty to adequately supervise their employees, that duty does not make them the absolute insurer of

their minor employees' safety. *Rambo v. Webster Parish School Board,* 745 So.2d 770, 772 (La. App. 2 Cir. 1999), *writ denied* 754 So.2d 971 (La. 2000)(citing cases relating to the responsibilities of School Board vis-a-vis students). Therefore, the Court finds that Pearson's suit against her employers is a negligence action that is subject to a one year prescriptive period. *See Mimmitt v. National Railroad Passenger Corp.,* 2000 WL 1449886, *2 (E.D. La. 2000)(third persons's duty to prevent sexual assault to a minor governed by a one year prescriptive period for negligence). The Court finds that Pearson's claims have prescribed.

### D. The Louisiana Workers' Compensation Law Bars Negligence Claims Against An Employer

Pearson alleges that at the time of the rape she was employed by IHOP. She also alleges that her employer's negligence caused the rape. Under Louisiana law, an employee's exclusive remedy for such claims is in workers' compensation.

The Louisiana Workers' Compensation law specifically provides that an employee's rights under the statute are exclusive of all other rights, remedies and claims for damages. La. R.S. 23:1032(A)(1)(a). Louisiana courts have applied that law to mean that an employee cannot sue his employer for damages in tort. In *Bertaut v. Folger Coffee Company*, the court dismissed a plaintiff's suit based on the workers' compensation

7

bar. 2006 WL 2513175 (E.D. La. 2006). The plaintiff in that case sued her employer for injuries arising out of negligence infliction of emotional distress, failure to train, failure to supervise. *Id* at *3. The employee alleged that she was subject to ongoing harassment by a co-worker. The court found that, as a matter of law, those claims all arose out of the employment relationship between the plaintiff and the defendant. As a result, the plaintiff's exclusive remedy was workers' compensation, not tort damages. *Id.*

In *Debiew v. K-Mart Corp.,* the court dismissed an employee's claims for negligent failure to train and supervise based on workers' compensation bar. 1998 WL 512987 (E.D. La. 1998). The employee was involved in a physical altercation with another employee and sued his employer for his injuries. The court dismissed the suit with prejudice, holding that [t]he Louisiana worker's compensation statute provides the exclusive remedy for an employee injured by the negligent acts of his co-employees or employer." *Id.* at *4.

Pearson argues that the Louisiana Workers' Compensation Law does not bar claims against her employer because those claims arise out of Mohamed's intentional acts. However, defendants correctly point out that this argument completely ignores the fact that Pearson's complaint pleads only negligence claims against her employers. Those claims are barred by Workers'

8

Compensation.

### E. IHOP Is Not Vicariously Liable for Mohamed's Actions as a Matter of Law

Pearson also alleges that IHOP is vicariously liable for Mohamed's actions. Under Louisiana law, an employer is generally responsible for the torts of its employees. La. C.C. art. 2320. Louisiana courts have, however, limited the circumstances under which an employer may be held vicariously liable for the intentional torts of its employees. The Louisiana Supreme Court has specifically held that an employer is not vicariously liable for a sexual battery committed by a supervisor on a co-employee during work hours and on the employer's premises. *See Francioni v. Rault,* 570 So.2d 36 (La. App. 4 Cir. 1990) *writ denied,* 575 So.2d 371 (La. 1991). The Supreme Court noted that vicarious liability analysis should focus on four factors: (1) whether the tortious act was primarily employment-rooted; (2) whether the act was reasonably incidental to the performance of the offender's employment duties; (3) whether the act occurred on the employer's premises; and (4) whether the conduct took place during employment hours. *Baumeister v. Plunkett,* 673 So.2d 994 (La. 1996).

In *Baumeister,* a clinical technician was sexually assaulted in the nurses' lounge by a nursing supervisor. *Id.* The court declined to issue a blanket rule that sexual acts could never be

9

employment-rooted.  Instead, it found that, under the facts of the case, the "sexual assault was entirely extraneous to the employer's interests."  *Id.*  The court based that decision on the conclusion that, "[a] nursing supervisor's responsibilities do not include sexually oriented physical contact with a co-employee."  *Id.*  Thus, the court found that the supervisor's actions, "were not reasonably incidental to the performance of his employment duties."  *Id.* at 999-1000.

Pearson argues that Mohamed's acts was employment rooted because Mohamed was assisting her in securing transportation to and from work.  However, the rape occurred after work hours, away from the employer's business premises, at Mohamed's private apartment.  Pearson admits that she and Mohamed had left work on a personal errand before the rape.  Pearson also admits that, before the rape, Mohamed took a detour to "drop some stuff off" at his apartment and invited Pearson inside for pizza.  (Rec. Doc. No. 49, 3-4).

In *Henly v. Phillips Abita Lumber Co., Inc.*, 971 So.2d 1104 (La. App. 1 Cir. 2007, the court held that a sexual advance by a supervisor to a subordinate employee during a ride to work did not result in vicarious liability for the supervisor's employer. *Id.*  Following *Hen*ly, Mohamed deviated from any work related purpose the trip may have had and his deviation excuses the employers from any vicarious liability.  Pearson's rape had no

culpable connection to either her employment or Mohamed's. Mohamed's despicable interests were extraneous to any interests of his employers and not designed to serve them in any way. Pearson specifically alleges in her complaint that Mohamed took her from work on a personal errand and raped her in his apartment. (Rec. Doc. No. 5 para. 22). The rape was committed after work hours, at a location other than the employer's place of business, and during a non-business related trip.

Further, Pearson's complaint nor her opposition present any indication that this case meets the *Baumeister* test as set forth by the Louisiana Supreme Court. Pearson's complaint and opposition demonstrate that (1) the rape was not employment related; (2) the rape was not reasonably related to the performance of Mohamed's employment duties; (3)the act did not occur on IHOP's premises; and (4) the rape took place after working hours. Considering these factors and the facts as alleged, the Court finds that Pearson's complaint fails to state a valid cause of action against her employer under vicarious liability.

**F. Pearson's Discrimination Claims are Procedurally Barred**

Pearson alleges that her employers terminated her employment following the rape based on her gender in violation of federal and anti-discrimination laws. Federal sex discrimination claims under Title VII require the exhaustion of administrative remedies

11

as a prerequisite to filing suit. *Kimble v. Georgia Pacific Corp.*, 245 F.Supp. 2d 862, 870-71 (M.D. La. 2002), *aff'd*, 67 Fed. App. 248 (5th Cir. 2003)(internal citations omitted). Such claims must first be filed as a complaint with the Equal Employment Opportunity Commission ("EEOC") no more than 300 days from when the discriminatory conduct occurred. *See Barnes v. Levitt*, 118 F.3d 404 (5th Cir. 1997). If a plaintiff fails to comply, any suit which follows is barred. *Id.* Pearson does not allege that she ever filed a complaint with the EEOC before filing suit. The Court finds that because she failed to make such an allegation, her federal discrimination claims are premature and should be dismissed accordingly.

Moreover, discrimination claims under Louisiana state law require a plaintiff to satisfy two requirements prior to filing suit. First, the plaintiff must give the employer written notice of the intent to sue at least 30 days prior to filing suit. Second, both parties are required to make a good faith effort to resolve the claim before a plaintiff files suit. La. R.S. 23:303(C). Failure to comply with either requirement is grounds for dismissing the claim as premature. *See Pechon v. La. Dept. Of Health and Hospitals,* 2009 WL 2046766, *13 (E.D. La. 2009; *Dunn v. Nextel South Corp., 207 F.Supp. 2d 523, 524 (M.D. La. 2002).*

Pearson alleges that written notice was sent as required and

that the parties negotiated in good faith prior to filing the litigation.  However, civil actions by employees based on Louisiana's anti-discrimination law are subject to a one year prescriptive period.  La. R.S. 23:3030(A),(D); *Kimble,* 245 F. Supp.2d at 872.  The Court finds that Pearson's state discrimination claim has prescribed.

## Conclusion

Pearson's complaint fails to state any viable cause of action against Scottsdale or its alleged insureds.  Accordingly, Pearson's claims against Defendants are **DISMISSED.**  Defendant's Motion to Quash Service is **DISMISSED** as moot.

New Orleans, Louisiana this 10th day of March, 2010.

_____
United States District Judge