**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ANNA PEARSON                                    CIVIL ACTION

VERSUS                                          NO. 09-3071

INTERNATIONAL HOUSE OF PANCAKES,                SECTION "B"(4)
INC., ET AL

<u>ORDER AND REASONS</u>

Before the Court is Plaintiff's Motion for Reconsideration of this Court's ruling, (Rec. Doc. 89), Granting Defendant's Motion to Dismiss (Rec. Doc. 85).

For the following reasons, **IT IS ORDERED** that the instant motion is **DENIED**.

**BACKGROUND:**

The Court is very familiar with the facts of this case as alleged in the Court's March 10, 2010 Order (Rec. Doc. No. 85).

**LAW AND ANALYSIS:**

**I.   Standard of Review for Fed. R. Civ. P. 59(e)**

A motion for "reconsideration" does not exist in the Federal Rules of Civil Procedure, but if a party's request for reconsideration is filed within twenty eight days of the court's judgment, it is construed under Fed. R. Civ. P. 59(e) as a motion to alter or amend a judgment. *Fed. R. Civ. Proc. 59 (2009*

*Amendment);Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The instant motion is analyzed under Fed. R. Civ. P. 59(e) because it was filed on April 7, 2010, within 28 days after the Court's order on March 10, 2010. *Id.* at 962. Further, a "Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Volvo Truck North America, Inc. v. Crescent Ford Truck Sales, Inc.,* 2009 WL 2496556 (E.D. La. 8/13/09).

Relief is available under Fed. R. Civ. P. 59(e) if (1) the judgment is based upon a clear error of law or fact, (2) there exists newly discovered or previously unavailable evidence, (3) manifest injustice will result, or (4) there has been an intervening change in controlling law. *Sarre v. New Orleans City*, 2009 WL 4891938 (E.D. La. 12/10/09); *Volvo, supra* at 3.

## II.  Reconsideration

Plaintiff failed to demonstrate relief under Fed. R. Civ. P. 59(e). Plaintiff did not prove that this Court's judgment was based upon a clear error of law or fact, nor did Plaintiff provide any newly discovered or previously unavailable evidence. Further, Plaintiff failed to show that manifest injustice would result if the judgment stood as is and did not demonstrate that there had been an intervening change in controlling law.

Plaintiff now relies on La. C.C. Art. 3496 to argue that her claim against the IHOP Entities is subject to a three year prescriptive period. This article and argument should have initially been brought in Plaintiff's original dismissal motions. Plaintiff made an identical argument in response to the prior dismissal motions when she argued that her claims were subject to a ten year prescription under La. R.S. 9:2800.9. However, both articles extends the prescriptive period for actions against a person who commits alleged sexual abuse of a minor, and does not apply to claims against an employer for negligent supervision that result in such an assault. *See* Order, Rec. Doc. No. 85, 4-5; *Mimmitt v. National Railroad Passenger Corp.,* 2000 WL 1449886, *1 (E.D.La. 9/27/00). Plaintiff fails to make a showing that her claims are different from her original dismissal motions. Thus, Plaintiff's prescription argument under La. C.C. Art. 3496 fails.

Plaintiff, in this instant motion, continues to make the arguments urged in its original dismissal motions. The Court will not relitigate these issues again, here. Additionally, Plaintiff now claims that her discrimination claim is actually a wage/wrongful termination claim. A review of the complaint alleges that the "employer" defendants terminated plaintiff based on her gender in violation of federal and state anti-discrimination laws. The Court found that because Plaintiff failed to exhaust the requisite administrative remedies, both

claims fail as a matter of law. The new wage/wrongful termination claim should have been initially brought in Plaintiff's responses to Defendants' Motion to Dismiss; this Court will not relitigate prior matters that should have been urged earlier. *See Volvo, supra* at 3.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this 8th day of June, 2010.

_____

UNITED STATES DISTRICT JUDGE