**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

ANNA PEARSON                      CIVIL ACTION No: 09-03071

VERSUS                             SECTION: "B" (2)

**INTERNATIONAL HOUSE OF
PANCAKES, INC., et al.**

## ORDER AND REASONS

Considering Defendant International House of Pancakes, L.L.C.'s (erroneously sued and cited as "International House of Pancakes, Inc.") Motion for Judgment on the Pleadings (Rec. Doc. 86), Plaintiff's Opposition thereto (Rec. Doc. 89), Defendant's Memorandum in Reply (Rec. Doc. 93), the law and record, **IT IS ORDERED** that Defendant International House of Pancakes, L.L.C.'s Motion for Judgment on the Pleadings is **GRANTED**[1]. (*See also* Rec. Doc. 85 which is incorporated by reference here).

The Court is already quite familiar with the facts of this case as set forth in the Court's March 10, 2010 Order (Rec. Doc. 85).

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(C). A Rule 12(c) Motion is subject to the same Standard of Review as a Rule 12(b)(6) motion to

---

[1] We are grateful for the work on this case by Adam N. Matasar, a Tulane Law School extern with our chambers.

dismiss.  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002).  When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.  Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007).  " 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' ".  Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009))(internal quotation marks omitted).  The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief.  Iqbal, 129 S.Ct. at 1950.  First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id.  Legal conclusions "must be supported by factual allegations."  Id.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Plaintiff has failed to allege claims that are different from those advanced against the other Co-Defendants (Sbih, Hamideh, J&K and Scottsdale). (Rec. Doc. 86-1). Co-Defendant Scottsdale's liability was dependent upon the IHOP Entities' liability. (Rec. Doc. 85). Thus, the reasons in the March 10, 2010 order would have equal application here[2]. (Rec. Doc. 85).

Initially, Plaintiff contends that her claims have not prescribed, as they fall under a statutory exception for claims related to the sexual abuse of a minor, designated by Louisiana Civil Code Article 3496.1. (Rec. Doc. 88). Under this article, "[a]n action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from

---

[2] *See eg.* Paulsen v. State Farm Insurance Co., 2007 WL 158709 (E.D.La.)(dismissing plaintiff's claims against defendant that were identical to those previously dismissed against co-defendant); *see also* Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007)(dismissing duplicative litigation); Murray v. Wilson, 2008 WL 3498226 (E.D. La.)(transfer or dismissal of case appropriate where substantially duplicative, similar, or overlapping claims exist); Johnston v. Dillard Department Stores, Inc., 1993 WL 302704 (E.D. La.)(striking or dismissing claims identical to those previously dismissed by court was proper pursuant to Federal Rule of Civil Procedure 12(f))

3

the day the minor attains majority." LA. CIV. CODE ANN. art. 3496.1 (2010).

Plaintiff's primary claim was essentially a claim against an employer for negligent supervision that resulted in an assault by an employee. (Rec. Doc. 85). Since Article 3496 only extends the prescriptive period to actions against a person *who commits* abuse against a minor, "the Court finds that Pearson's suit against her employers is a negligence action that is subject to a one year prescriptive period."(Rec. Doc. 85, pg. 7); *see also* Mimmitt v. National Railroad Passenger Corp., 2000 WL 1449886, *2 (E.D.La. 2000)(third person's duty to prevent sexual assault to a minor governed by one year prescriptive period for negligence).

It should also be noted that in the March 10, 2010 order, the Court found that "Pearson's complaint pleads only negligence claims against her employers. Those claims are barred by Workers' Compensation." (Rec. Doc. 85, pg. 8). Plaintiff fails to address the Workers' Compensation ban to her claims.

In the March 10, 2010 Order, the Court analyzed and dismissed Pearson's vicarious liability claim under the four factors espoused by the Louisiana Supreme Court in Baumeister v. Plunkett, 673 So.2d 994 (La. 1996)(vicarious

4

liability analysis should focus on four factors: (1) whether the tortious act was primarily employment-rooted; (2) whether the act was reasonably incidental to the performance of the offender's employment duties; (3) whether the act occurred on the employer's premises; and (4) whether the conduct took place during employment hours). (Rec. Doc. 85, pg. 9).

As before, under the facts set forth in Plaintiff's Complaint and remaining substantially unchanged now in Plaintiff's Memorandum in Opposition, the <u>Baumeister</u> factors foreclose any vicarious liability claim against the Defendant. (Rec. Doc. 85, pg. 11) In the March 10, 2010 order, the Court stated:

> "Pearson's complaint and opposition demonstrate that (1) the rape was not employment related; (2) the rape was not reasonably related to the performance of Mohamed's employment duties; (3) the act did not occur on IHOP's premises'; and (4) the rape took place after working hours. Considering these factors and the facts as alleged, the Court finds that Pearson' complaint fails to state a valid cause of action against her employer under vicarious liability."

<u>Id.</u> The claim for vicarious liability is again rejected.

Finally, Plaintiff asserts that her gender-based discrimination claim against the IHOP Entities is actually a wage/wrongful termination claim subject to the three-year prescriptive period under Louisiana Civil Code Article 3494. (Rec. Doc. 88, 93). However, a review of the

5

complaint shows that no such claims have been alleged. Rather, and as noted before, the complaint alleges that the "employer" defendants terminated plaintiff based on her gender in violation of federal and state anti-discrimination laws. As previously determined, Plaintiff failed to exhaust all administrative remedies, thus eliminating any federal claims. The state claims were subject to a one year prescriptive period, and were therefore time-barred. (Rec. Doc. 85). Consequently, Plaintiff's claim for lost wages and wrongful termination fall.

New Orleans, Louisiana this 1st day of July, 2010.

_____
United States District Judge